IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:25-CV-106-BO

| | |
|---|---|
| SANANDA JONES, *individually and on behalf of all others similarly situated*, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) ) |
| HUT CAROLINAS LLC, *et al.*, | ) ) |
| Defendants. | |

**ORDER**

This matter is before the court on Defendants' motion to stay discovery pending resolution of Defendants' partial motion to dismiss. [DE-19]. Plaintiff opposes the motion. [DE-21]. For the reasons that follow, Defendants' motion is denied.

Defendants seek a stay of discovery pending resolution of their partial motion to dismiss, [DE-8], which asserts that Plaintiff does not have standing to assert claims concerning Pizza Hut restaurants she never visited and fails to state a claim upon which relief may be granted as to those restaurants. [DE-19]. Plaintiff opposes the motion to stay and contends that Defendants' partial motion to dismiss, if granted, will not terminate all the claims in this case; Defendants' partial motion to dismiss will fail because it confuses class standing with individual standing; and the discovery sought will prove claims made in Plaintiff's complaint and in her opposition to the partial motion to dismiss. [DE-21].

Rule 26(c) of the Federal Rules of Civil Procedure authorizes a court to issue an order limiting or staying discovery. Specifically, a court has discretion to stay discovery until pending dispositive motions are resolved. *See Yongo v. Nationwide Affinity Ins. Co. of Am.*, No. 5:07-CV-94-D, 2008 WL 516744, at *2 (E.D.N.C. Feb. 25, 2008). In certain cases, a stay of discovery may

be appropriate to prevent a waste of time and resources by the parties and to make efficient use of judicial resources. *United States v. A.T. Massey Coal Co.*, No. 2:07-0299, 2007 WL 3051449, at *2 (S.D. W. Va. Oct. 18, 2007). "Factors favoring issuance of a stay include the potential for the dispositive motion to terminate all the claims in the case or all the claims against particular Defendants, strong support for the dispositive motion on the merits, and irrelevancy of the discovery at issue to the dispositive motion." *Yongo*, 2008 WL 516744, at *2 (quoting *Tilley v. United States*, 270 F. Supp. 2d 731, 735 (M.D.N.C. 2003)).

Here, the balance of factors weighs against staying discovery. While the partial motion to dismiss may result in dismissal of some of Plaintiff's claims, Defendants concede that Plaintiff has standing to pursue her claim that challenges Defendants' policies, practices, and procedures at the Raeford Road Restaurant in Fayetteville, North Carolina, *see* Defs.' Mem. [DE-20] at 4, and in her complaint, Plaintiff alleges that Defendants' franchise agreements with Pizza Hut apply to most, if not all, of their restaurants. *See* Compl. [DE-1] ¶ 22 ("Due to the high number of locations and geographic distances, Defendants manage compliance with their centralized policies, practices, or procedures concerning their maintenance obligations, and obligations to maintain, repair, and/or replace features within their Parking Areas, through the Qualified Operators, who supervise Area Coaches, who in turn directly supervise District Managers, and then individual restaurant managers."); *id.* ¶ 23 ("Defendants' centralized maintenance and operational policies, practices, and/or procedures have systematically and routinely resulted in excessive sloping conditions in the Parking Areas of Defendants' facilities, in violation of the ADA and its implementing regulations."). This means that discovery related to Defendants' policies, practices, or procedures at the Raeford Road Restaurant location may be identical to that produced for other locations within Defendants' restaurant network, and allowing discovery to proceed while the

2

partial motion to dismiss is pending would not result in time or resources being wasted. Furthermore, to the extent that the uniformity of Defendants' policies, practices, and procedures remains an open question, any discovery obtained regarding the same may be helpful to the court in deciding the partial motion to dismiss. Thus, allowing discovery to proceed at this time poses minimal risk of prejudice to Defendants, while the passage of time may impede Plaintiff's ability to acquire evidence. *See Resource Room SI, Inc. v. Borrero*, No. 5:22-CV-184-BO, 2022 WL 4125146, at *1 (E.D.N.C. Sept. 9, 2022) (denying motion to stay where pending motion to dismiss would not resolve all claims). Accordingly, the motion to stay is denied, and the court will enter a separate scheduling order.

SO ORDERED, the 18 day of July, 2025.

Robert B. Jones, Jr.
United States Magistrate Judge