IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:25-CV-106-BO-RJ

| | |
|---|---|
| SANANDA JONES, individually and on behalf of all others similarly situated, ) ) ) Plaintiff, ) ) v. ) ) HUT CAROLINAS LLC; HUT AMERICAN GROUP, LLC; and DOES 1 to 25, ) ) ) ) ) Defendants. ) | O R D E R |

This cause comes before the Court on defendants' motion for partial dismissal of plaintiff's complaint. Plaintiff has responded, defendants have replied, and a hearing on the motion was held before the undersigned on November 5, 2025, at Raleigh, North Carolina. In this posture, the motion is ripe for disposition. For the reasons that follow, the motion is granted.

BACKGROUND

Plaintiff commenced this action on behalf of herself and others similarly situated to address alleged violations of Title III of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101, *et seq.*, and its implementing regulations. Plaintiff alleges that defendants collectively own or operate at least fifty Pizza Hut restaurants in North Carolina. Plaintiff uses a wheelchair full-time, and, though she is a resident of Georgia, spends several months a year in Fayetteville, North Carolina for personal reasons. In August 2024, plaintiff visited a Pizza Hut restaurant at 6781 Raeford Road in Fayetteville ("Raeford Road Pizza Hut" or "Raeford Road restaurant"). Plaintiff alleges that she experienced unnecessary difficulty and risk of physical harm when entering and

exiting her vehicle and navigating the facility due to unlawful sloping conditions in the accessible parking areas. Plaintiff alleges that the parking area had excessive sloping in violation of the ADA.

Plaintiff further alleges that defendants' centralized practices and procedures regarding the maintenance of their facilities, as well as franchise agreements between defendants and Pizza Hut, have routinely resulted in excessive sloping conditions in defendants' parking areas. Plaintiff specifically alleges that, based on information from her investigators, the Pizza Hut restaurants owned or controlled by defendants in North Carolina on US Highway 15-501 in Carthage, West 3rd Street in Pembroke, White Crossing Plaza in Whiteville, North Reilly Road in Fayetteville, Ramsey Street in Fayetteville, and North Main Street in Lillington have the same or similar excessive sloping conditions as plaintiff encountered at the Raeford Road Pizza Hut in Fayetteville. Plaintiff seeks to assert her ADA claim on behalf of herself and all wheelchair users who encountered excessive sloping conditions within the parking area of any of defendants' locations.

Plaintiff alleges one claim for substantive violation of Title III of the ADA. She alleges that defendants have failed to remove architectural barriers which cause defendants' facilities to violate the ADA as required by 42 U.S.C. § 12182(b)(2)(A)(iv). Plaintiff further alleges that defendants' repeated and systematic failures to remove architectural barriers, maintain accessible features of their facilities, and/or modify their practices, policies, and procedures to ensure compliance with the sloping requirements of the ADA's implementing regulations constitutes unlawful discrimination in violation of the ADA. *See id.* § 12182(b)(2)(A)(ii). Plaintiff seeks only declaratory and prospective injunctive relief, specifically relief which would compel both remediation of all access barriers in defendants' parking areas at their Pizza Hut restaurants and

2

modification of any policies, practices, or procedures in order to ensure compliance with the ADA's implementing regulations' sloping requirements.

Defendants have moved to partially dismiss plaintiff's complaint for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(1) and 12(b)(6).

## DISCUSSION

Federal Rule of Civil Procedure 12(b)(1) authorizes dismissal of a claim for lack of subject matter jurisdiction. "Subject-matter jurisdiction cannot be forfeited or waived and should be considered when fairly in doubt." *Ashcroft v. Iqbal*, 556 U.S. 662, 671 (2009) (citation omitted). When subject-matter jurisdiction is challenged, the plaintiff has the burden of proving jurisdiction to survive the motion. *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647-50 (4th Cir. 1999). When a facial challenge to subject-matter jurisdiction is raised, the facts alleged by the plaintiff in the complaint are taken as true, "and the motion must be denied if the complaint alleges sufficient facts to invoke subject matter jurisdiction." *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009). The Court can consider evidence outside the pleadings without converting the motion into one for summary judgment. *See, e.g., Evans*, 166 F.3d at 647.

A Rule 12(b)(6) motion tests the legal sufficiency of the complaint. *Papasan v. Allain*, 478 U.S. 265, 283 (1986). When acting on a motion to dismiss under Rule 12(b)(6), "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). A complaint must allege enough facts to state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Facial plausibility means that the facts pled "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and mere

3

recitals of the elements of a cause of action supported by conclusory statements do not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint must be dismissed if the factual allegations do not nudge the plaintiff's claims "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

"Title III of the ADA bars discrimination against individuals on the basis of disability in places of public accommodation." *Nanni v. Aberdeen Marketplace, Inc.*, 878 F.3d 447, 453 (4th Cir. 2017) (citing 42 U.S.C. § 12182). Discrimination barred by Title III of the ADA includes failing to "remove architectural barriers . . . in existing facilities . . . where such removal is readily achievable." *Id.* (quoting § 12182(b)(2)(A)(iv)). Title III further defines discrimination as the "failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such . . . facilities . . . to individuals with disabilities, unless the entity can demonstrate that making such modification would fundamentally alter the nature of such . . . facilities . . . ." 42 U.S.C. § 12182(b)(2)(A)(ii). In their motion, defendants argue that plaintiff lacks both individual and class standing for her claims as to restaurants other than the Raeford Road Pizza Hut plaintiff visited because she has failed to plausibly allege any valid architectural barrier removal or policy modification claim as to those restaurants.[1]

Without Article III standing, a court lacks subject matter jurisdiction to hear a plaintiff's claims. *See White Tail Park, Inc. v. Stroube*, 413 F.3d 451, 458–59 (4th Cir. 2005). "[T]o establish standing, a plaintiff must show (i) that he suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief." *TransUnion LLC v. Ramirez*, 594 U.S. 413,

---

[1] Defendants seek only to dismiss plaintiff's claims related to restaurants she did not visit, whether under 12(b)(1) or 12(b)(6). *See* [DE 14] at 3.

4

423 (2021). The elements of standing are "not mere pleading requirements but rather an indispensable part of the plaintiff's case." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992).

Although her complaint is somewhat unclear, plaintiff appears to allege both an architectural barrier removal claim under 42 U.S.C. § 12182(b)(2)(A)(iv) and a policy modification claim under 42 U.S.C. § 12182(b)(2)(A)(ii) regarding defendants' restaurants. As to the architectural barrier removal claim for restaurants other than the Raeford Road location, defendants argue that plaintiff herself has not suffered any plausible injury-in-fact as to any of defendants' Pizza Hut restaurants that plaintiff did not visit. Plaintiff has not in her response to the motion disputed that she does not have individual standing to allege a claim for architectural barrier removal under § 12182(b)(2)(A)(iv) for restaurants she has never visited. The Court deems this issue waived, and the claim is properly dismissed without prejudice pursuant to Rule 12(b)(1).

The question, then, is whether plaintiff should be able to proceed to represent other members of the putative class who have visited other Pizza Hut restaurants owned or operated by defendants to assert an architectural barrier removal or policy modification claim. The primary dispute between the parties is whether the Court should consider this issue at this stage of the proceeding, under either an Article III standing or 12(b)(6) analysis, or whether this issue should be reserved for later in the case when plaintiff moves to certify the class.

> At the motion-to-dismiss stage, defendants in class actions sometimes argue, under the injury-in-fact prong, that a named plaintiff lacks standing to represent class members who suffered an injury that is somewhat different from the named plaintiff's injury. *See, e.g., Singh v. Lenovo (U.S.) Inc.*, 510 F. Supp. 3d 310, 319 (D. Md. 2021). . . . But most jurisdictions, and some courts in the Fourth Circuit, have adopted the class-certification approach, under which "an action [may] proceed once the named plaintiff demonstrates her individual standing to bring a claim." *Id.* The standing inquiry concludes once that showing is made, and questions about the named plaintiff's representative capacity are left for the class-certification stage. *Id.*; *see also* William B. Rubenstein, *Newberg and Rubenstein on Class Actions* § 2:6 (6th ed. December 2022 update) ("[W]hen a class plaintiff shows individual standing, the court should proceed to Rule 23 criteria to determine

5

whether, and to what extent, the plaintiff may serve in a representative capacity on behalf of the class.").

*Guerrero v. Bank of Am. N.A.*, No. 321CV00333RJCDSC, 2023 WL 2712484, at *4 (W.D.N.C. Mar. 30, 2023); *see also Williams v. Potomac Fam. Dining Grp. Operating Co., LLC*, No. GJH-19-1780, 2019 WL 5309628, at *4 (D. Md. Oct. 21, 2019). However, at the Rule 12(b)(6) stage, "a motion to dismiss a complaint's class allegations should be granted when it is clear from the face of the complaint that the plaintiff cannot and could not meet Rule 23's requirements for certification because the plaintiff has failed to properly allege facts sufficient to make out a class or could establish no facts to make out a class." *Williams*, 2019 WL 5309628, at *5 (cleaned up, citation omitted); *see also Bigelow v. Syneos Health, LLC*, No. 5:20-CV-28-D, 2020 WL 5078770, at *4 (E.D.N.C. Aug. 27, 2020). The Court is persuaded by the cases cited above, and will thus consider whether the complaint makes clear that plaintiff cannot meet Rule 23's requirements, and the class claims should be dismissed under Rule 12(b)(6). "Under Rule 23(a), the party seeking certification must demonstrate, first, that '(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.'" *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 345 (2011) (quoting Fed. R. Civ. P. 23(a)).

Plaintiff alleges that defendants employ centralized policies, practices, and procedures regarding the maintenance, operation, and alteration of their facilities and that the operations manual issued by the franchisor requires defendants to follow and comply with the ADA and related architectural guidelines. Plaintiff alleges that the operations manual requires periodic remodeling, structural changes, and redecoration every five to ten years. Plaintiff further alleges that the centralized maintenance and operational policies and practices of defendants have

"systematically and routinely resulted in excessive sloping conditions in the Parking Areas and Defendant's facilities, in violation of the ADA and its implementing regulations." [DE 1] ¶ 23. Plaintiff contends that the "repeated and systemic failures to remove architectural barriers, to maintain the accessible features of their facilities, and/or modify its existing polices, practices, and/or procedures to ensure compliance with the sloping requirements of the ADA's implementing regulations once constructed constitute unlawful discrimination on the basis of a disability in violation of Title III". *Id.* ¶ 42.

To establish commonality under Rule 23, a plaintiff "must establish that the common contention is one 'capable of classwide resolution' such that 'determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke.'" *Stafford v. Bojangles' Restaurants, Inc.*, 123 F.4th 671, 679 (4th Cir. 2024) (quoting *Wal-Mart Stores, Inc.*, 564 U.S. at 350). Moreover, "[a]llegations of generalized policies are not usually sufficient for the purposes of class certification." *Id.* at 680.

Plaintiff's complaint fails to plausibly allege any common policy, design, or plan which caused her or any putative class member's alleged injury, nor does plaintiff plausibly allege that the other Pizza Hut restaurants identified in her complaint were constructed or contain a design, blueprint, or layout which is common to each of the restaurants. And even taking as true that defendants had a common practice of not inspecting and maintaining their parking lots to ensure ADA compliance, such "theory is not viable, Plaintiff [therefore] cannot satisfy the commonality requirement, nor state an actionable claim for relief on behalf of the class." *Williams v. Potomac Fam. Dining Grp. Operating Co., LLC*, No. GJH-19-1780, 2020 WL 4207589, at *13 (D. Md. July 22, 2020). That is because there is no affirmative requirement imposed on public accommodations by the ADA to identify potential violations. *Mielo v. Steak 'N Shake Operations, Inc.*, No. CV 15-

180, 2019 WL 1330836, at *10 (W.D. Pa. Mar. 25, 2019). Additionally, "[w]hether a barrier removal is readily achievable is a fact-intensive, burden-shifting question that typically becomes the focus of barrier removal litigation." *Moody v. Circle K Stores, Inc.*, No. 2:18-CV-435-CLM, 2024 WL 1376024, at *21 (N.D. Ala. Mar. 29, 2024). Thus, plaintiff's complaint fails to plausibly allege a common contention "capable of classwide resolution." *Stafford*, 123 F.4th at 679. Plaintiff's class claim is therefore properly dismissed under Rule 12(b)(6).

## CONCLUSION

Accordingly, for the foregoing reasons, defendants' partial motion to dismiss [DE 8] is GRANTED. Plaintiff's individual and class allegations involving defendants' restaurants that plaintiff has never visited are DISMISSED in accordance with the foregoing. Plaintiff's Title III ADA claim as to the Raeford Road Pizza Hut will proceed.

SO ORDERED, this **16** day of December 2025.

_____
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE